Gunnar E. Erickson and Emily P. Erickson v. Commissioner.
Erickson v. Commissioner
Docket No. 47655.
United States Tax Court
T.C. Memo 1954-196; 1954 Tax Ct. Memo LEXIS 47; 13 T.C.M. (CCH) 1045; T.C.M. (RIA) 54303; November 19, 1954, Filed *47 Deductions: Medical or personal expenses: Sections 23(x) and 24, Internal Revenue Code of 1939. - Petitioner suffered a mental illness in 1948. His physician recommended a change in residence to a more cogenial location. Petitioner traveled to various parts of the country in 1949 searching for such a place and finally settled in Maine. He sought to deduct lodging expenses for his wife and himself while traveling. Held, such expenses were personal and not deductible. Gunnar E. Erickson, pro se. R. Monroe Schwartz, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The Commissioner determined a deficiency in income tax for the year 1949 in the amount of $173.38. Several items entering into the determination of the deficiency *48 are not in dispute. The only question for decision is whether the amount of $763.13 out of $790.82 claimed as a deduction for medical care was properly disallowed. Findings of Fact Petitioners are husband and wife. At the time of the hearing they were residents of Rockport, Maine. They filed a joint income tax return for 1949 with the collector of internal revenue for the district of Massachusetts. In 1948 Gunnar E. Erickson, hereafter called petitioner, was employed as a business officer at the University of Massachusetts at Amherst, Massachusetts, where he and his wife owned a home. From October of 1948 to January 1949 petitioner was under the care of a physician for a mental condition and upon his advice resigned his position at the University. The physician further recommended as part of his program of treatment that he leave his home, travel until he found a place that seemed suitable to him and his personality needs and then settle down and live as normal and satisfactory a life as possible. Pursuant to this advice, which contained no recommendations as to a particular climate or place, petitioner and his wife began to travel to various places in the United States. From *49 January 1, 1949, until May they traveled to Florida, Texas and Oklahoma. Two weeks in August of 1949 were spent in Maine. Most of the remainder of the year was spent in the Smoky Mountains, Oklahoma, Arizona, Texas and Florida. Late in the year petitioner and his wife decided to settle in Maine. During their travels they continued to own their home in Amherst, Massachusetts. They spent a total of $763.13 for rentals at tourist courts, motels and hotels during their travel in 1949. They claimed this amount as medical expenses. No deductions were claimed for meals or other expenses. There is no evidence as to what portion of the expenses was for lodging for petitioner's wife. No specific or additional ailments were suffered by petitioner during 1949. During 1949 petitioner did not see the physician under whose care he had been but wrote to him from time to time from various parts of the country. There is nothing in the record to indicate what progress, if any, was made in 1949 toward the cure, mitigation or treatment of petitioner's mental condition. Two factors influenced petitioner in settling in Maine. He found another doctor there who could help him and he began the study *50 of voice. Opinion The sections of the Internal Revenue Code of 1939 here involved are section 23(x) which allows a deduction for "expenses * * * for medical care of the taxpayer," which includes "amounts paid for the diagnosis, cure, mitigation, treatment, or prevention of disease, or for the purpose of affecting any structure or function of the body * * *" and section 24 which provides that no deduction shall be allowed in respect of "(1) Personal, living, or family expenses, except extraordinary medical expenses under section 23(x);". The problem thus posed is by no means easy of solution. The term "medical care" is not to be too severely construed, witness the report of the Senate Finance Committee, No. 1631, 77th Cong. 2d Sess., page 6, C.B. 1942-2, pages 576-7 where it is stated: "The term 'medical care' is broadly defined to include amounts paid for the diagnosis, cure, mitigation, treatment or prevention of disease, or for the purpose of affecting any structure or function of the body. It is not intended, however, that a deduction should be allowed for any expense that is not incurred primarily for the prevention or alleviation of a physical or mental defect or illness. *51 " The above guides and those referred to hereafter point to disallowance of the claimed deduction. The controversial items were for hotel and other lodging expenses incurred by petitioners while away from their established home seeking a more congenial place to live. The expenses covered both petitioner and his wife, who was not ill so far as the record goes. Neither is there any showing that it was necessary for the wife to accompany petitioner on the trips. No allocation of the expenses between husband and wife has been claimed or made. This Court stated in L. Keever Stringham, 12 T.C. 580, "that a deduction may be claimed only for such expense as is incurred primarily for the prevention or mitigation of the particular physical or mental defect or illness." See also Frances Hoffman, 17 T.C. 1380. We have also pointed out in Frances Hoffman that in cases such as this the real question is whether the disputed expenditures were "paid for the * * * cure, [or] mitigation * * * of disease * * * or for the purpose of affecting any * * * function of the body * * *" and were "extraordinary medical expenses" deductible under section 23(x) rather than personal, *52 living expenses within the meaning of section 24(a). However fine the line between medical expenses, which are deductible, and personal, living expenses, which are not, it must be drawn. So far as the record goes, the physician's advice upon which reliance is placed in claiming the deduction was very general in nature. The recommendation was for petitioner to travel, not to any particular place or clime or for the purpose of treatment or further medical advice, but for the purpose of seeking a place which would be more suitable to him and his personality needs and there to settle. In this respect our fact situation of course differs from the case where a specific climatic change would be beneficial in curing or preventing disease. Cf. L. Keever Stringham, supra. Conceivably, under petitioner's theory, he could have traveled over an extended period to every part of the country, or the world, for that matter, until he found a new home to his liking, and claimed expenses for lodging in the meantime. We do not think the statutory language should be construed so broadly. Two other aspects of the case have influenced our conclusion. First, we point out that travel in and *53 of itself was not the crux of the physician's advice - travel was not the primary healing medium. The thing which was to be of thereapeutic value was a new home. Second, we note that after petitioner began his search for more congenial surroundings he never again consulted the physician who first advised him except to the extent of writing from time to time from various points in the country. The consultations took place in 1948, the claimed expenses were incurred at various times in 1949. We know practically nothing of petitioner's mental condition during the latter year or of his continued need for treatment of any kind, and this tends to make more tenuous the relationship of the claimed lodging expenses to the mitigation or cure of petitioner's trouble, at least in point of time. Furthermore, the very character of the expenses here involved, lodging, makes it reasonable to require a strong showing of the primary connection between the expense and the cure or mitigation of the disease. Frances Hoffman, supra. Each case must stand on its own facts. On the entire record before us we cannot conclude that petitioner has shown that the claimed lodging expenses were incurred *54 primarily for the cure or mitigation of his mental condition. We think the expenses were personal and approve the Commissioner's action in disallowing the deduction. Decision will be entered for the respondent.